Dear Mr. Obos:
On behalf of the City of Springfield, you have asked for my opinion on substantially the following question:
In proposing to amend its charter by referendum from an annual municipal general election requirement with staggered two-year terms to a new election cycle with elections to occur every other year with staggered four-year terms, may the City of Springfield, by that same referendum, extend the terms of the currently elected mayor and two of the commissioners by one additional year?
In sum:
The City of Springfield may, by the same referendum, amend its charter to change the terms of elected officers from two years to four years and extend the terms of the currently elected mayor and two of the commissioners by one additional year.
The City of Springfield (the city) currently holds elections for municipal officers who serve two-year terms. These elections are held annually and you advise that this is costly for the city. The city proposes to extend the terms of its officers to four years and to hold elections biennially. Your letter states that the most efficient manner for the city to change its election cycle and extend terms of elected officials is to do so by referendum in its April 2010 election. The passage of the proposed referendum would result in the two city commissioners to be elected in 2010 serving four-year terms. The proposed referendum would extend the terms of the currently seated mayor and two other commissioners by one additional year and change their next election date from 2011 to 2012.
You acknowledge that this office has done several Attorney General Opinions relating to referenda requirements for purposes of changing election dates that also result in the "hold over" of current commissioners, but note that none of these opinions address a change in election cycle (not the election date) coupled with an extension of term of office for elected officials.
The Florida Constitution, in Article VIII, section 2(a), provides that municipal charters may be amended pursuant to general or special law. The Florida Legislature, with the adoption of the Municipal Home Rule Powers Act, Chapter 166, Florida Statutes, granted municipalities broad home rule powers. Section 166.031, Florida Statutes, implementing the constitutional provision provides procedures for amending municipal charters, including a requirement that a proposed amendment shall be subject to approval by referendum of the voters.
It has been the position of this office, expressed in a number of Attorney General Opinions, that charters or charter provisions adopted or readopted subsequent to the adoption of the Municipal Home Rule Powers Act in 1973 must comply with the procedures set forth in section 166.031, Florida Statutes.[1] The statute sets forth the procedures to be followed in amending municipal charters, including a requirement that a proposed amendment shall be subject to approval by referendum of the voters.[2]
This office, in Attorney General Opinion 75-223, specifically advised the City of Tamarac that its charter, readopted after 1973, could not be amended except as provided in section 166.031. Likewise, in Attorney General Opinion 79-80, this office stated that the Lake Wales City Commission could not unilaterally amend its municipal charter, but could only propose an amendment that would be submitted to the municipal electors for their approval at a referendum held for that purpose. More recently, this office, in Attorney General Opinion 01-15, stated that a city commission may amend its city charter, adopted in 1977, to remove a requirement that the city manager reside within the city only if such an amendment was approved by a referendum of the qualified electors of the municipality.
However, section 166.021(4), Florida Statutes, states in part:
"[N]othing in this act shall be construed to permit any changes in a special law or municipal charter which affect the exercise of extraterritorial powers or which affect an area which includes lands within and without a municipality or any changes in a special law or municipal charter which affect . . . the terms of elected officers and the manner of their election except for the selection ofelection dates and qualifying periods for candidates and for changesin terms of office necessitated by such changes in electiondates. . . without approval by referendum of the electors as provided in s. 166.031." (e.s.)
Further, section 100.3605(2), Florida Statutes, provides that the governing body of a municipality may, by ordinance, "change the dates for qualifying and for the election of members of the governing body of the municipality and provide for the orderly transition of office resulting from such date changes."[3] Both the language in section 166.012(4), Florida Statutes, and section 100.3605(2), Florida Statutes, were added by Chapter 95-178, Laws of Florida.
In considering the 1995 legislation, this office has stated that an examination of the legislative history reflects an intent that municipalities would be authorized to amend their charters to change the election dates and qualifying periods for candidates, including any changes in terms of office necessitated by theamendment, without a referendum.[4]
However, the purpose of the charter amendment for the City of Springfield is not a change in election dates, for example from a spring election to one conducted at the general election in the fall, but to change the terms of office for elected officers from a two-year to a four-year term and to modify the election cycle to reflect staggered terms for those elected officers. Thus, the change contemplated by the city would fall within the general requirement in section 166.021(4), Florida Statutes, that changes in a municipal charter which affect "the terms of elected officers and the manner of their election" must be undertaken pursuant to a referendum. The exception for selecting election dates and accommodating changes in terms of office "necessitated by such changes in election dates" would not appear to apply to the changes proposed by the City of Springfield.
In sum, it is my opinion that the City of Springfield may, by the same referendum, amend its charter to change the terms of elected officers from two years to four years and extend the terms of the currently elected mayor and two of the commissioners by one additional year. Charter amendments designed to effectuate changes in the term of office of municipal officers such as changing from a two-year to a four-year term do not fall within the scope of the exception contained in sections 166.021(4) and 100.3605(2), Florida Statutes, and must be accomplished by referendum.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] See Ops. Att'y Gen. Fla. 03-52 (2003), 03-36 (2003), 01-43 (2001), and 75-223 (1975). See also Op. Att'y Gen. Fla. 88-30 (1988) (charter amendment provisions in s. 166.031, Fla. Stat., prevail over conflicting provisions in a municipal charter) and Op. Att'y Gen. Fla. 97-53 (1997) (city commission may not delegate its canvassing board duties to a consolidated municipal canvassing board, absent an existing charter provision authorizing such a transfer or an amendment to the city's charter approved in a referendum by the city's electorate).
[2] See s. 166.031(1), Fla. Stat., providing that the governing body of the municipality "shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose."But see s. 166.031(5), Fla. Stat., stating that a municipality may, by unanimous vote of the governing body, abolish municipal departments provided for in the municipal charter and amend provisions or language out of the charter which has been judicially construed, either by judgment or by binding legal precedent from a decision of a court of last resort, to be contrary to either the State Constitution or Federal Constitution.
[3] And see s. 100.3605(1), Fla. Stat., stating that the Florida Election Code, Chs. 97 — 106, Fla. Stat., governs the conduct of municipal elections in the absence of an applicable special act, charter, or ordinance provision and that "[n]o charter or ordinance provision shall be adopted which conflicts with or exempts a municipality from any provision in the Florida Election Code that expressly applies to municipalities."
[4] See House of Representatives Committee on Ethics and Elections Final Bill Analysis Economic Impact Statement on HB 2209 (passed by the Legislature as Ch. 95-178, Laws of Fla.), dated May 10, 1995, stating:
"HB 2209 authorizes amendment of a municipal charter or special act without referendum for the purpose of changing municipal election dates and qualifying period for candidates and for the adjustment of terms of office necessitated by such date changes. . . ."